Demery Ryan, Bar No. 217176
dryan@littler.com
LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
Telephone:  310.553.0308
Facsimile:   800.715.1330

Benjamin L. Webster, Bar No. 132230
bwebster@littler.com
Flora Feizi, Bar No. 347729
ffeizi@littler.com
LITTLER MENDELSON, P.C.
500 Capitol Mall, Suite 2000
Sacramento, California 95814
Telephone:  916.830.7200
Facsimile:   916.561.0828

Matthew J. Ruza [*Pro Hac Vice*]
mruza@littler.com
Yara Mroueh [*Pro Hac Vice*]
ymroueh@littler.com
LITTLER MENDELSON, P.C.
321 North Clark Street
Suite 1100
Chicago, Illinois 60654
Telephone:  312.372.5520
Facsimile:   312.372.7880

Attorneys for Defendant
T-MOBILE USA, INC.

ELKIN | GAMBOA, LLP
Michael Elkin, Esq. (SBN 286862)
    E-Mail: michael@elkingamboa.com
Benjamin McLain, Esq. (SBN 340091)
    E-Mail: ben@elkingamboa.com
4119 W. Burbank Blvd., Suite 110
Burbank, CA 91505
Telephone: 323.372.1202
Facsimile: 323.372.1216
Attorneys for Plaintiff Shallace Burrise, as an individual, and on behalf of all others similarly situated

CASE NO. 2:25-cv-07685-GW-MBK

JOINT 26(F) REPORT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHALLACE BURRISE, an individual, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>T-MOBILE USA, INC., a corporation, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 2:25-cv-07685-GW-MBK<br><br>[*Removed from Los Angeles Superior, Case No. 25STCV16513*]<br><br>**JOINT 26(F) REPORT**<br><br>Trial Date: None<br>Complaint Filed: June 6, 2025 |

Plaintiff SHALLACE BURRISE ("Plaintiff") and Defendant T-MOBILE USA, INC. ("Defendant" or "T-Mobile") (Plaintiff and Defendant collectively, the "Parties") by and through their respective counsel of record, hereby submit the following Joint Report:

**A.   STATEMENT OF THE CASE**

Short Synopsis of Main Claims in Complaint:

Plaintiff's Statement:

This is an employment wage and hour class and PAGA representative action. Plaintiff alleges that Defendants committed the following violations as to Plaintiff, the class and aggrieved employees: 1) Failure to Pay Minimum Wages; 2) Failure to Pay Overtime Wages; 3) Failure to Provide Require Meal Periods; 4) Failure to Provide Require Rest Periods; 5) Failure to Properly Pay Accrued Sick Days; 6) Failure to Properly Pay Unused Vacation Pay; 7) Failure to Timely Pay Wages During Employment; 8) Failure to Pay All Wages Due to Discharged and Quitting Employees; 9) Failure to Maintain Required Records; 10) Failure to Furnish Accurate, Itemized Wage Statements; 11) Failure to Reimburse Necessary Expenditures; 12) Unfair and Unlawful Business Practices; and 13) Civil Penalties Pursuant to The Private Attorneys General Act.

Defendant's Statement:

Defendant denies liability for all claims and maintains that it complied with all requirements set forth within the California Labor Code. Namely, Plaintiff and the putative class were paid for all hours worked including overtime hours worked, were provided all required California meal and rest breaks, and were issued accurate wage statements.

**B.   SUBJECT MATTER JURISDICTION**

On August 15, 2025, Defendant removed this action to federal court pursuant to 28 U.S.C. sections 1332, 1441(b) and 1446. *See generally* Notice of Removal, Dkt. 1. More specifically, Defendant's basis for removal pursuant to 28 U.S.C. § 1441 was that this Court has original jurisdiction over this action under the Class Action Fairness Act ("CAFA") 28 U.S.C. § 1332(d). *Id.*

Plaintiff does not plan to file a Motion to Remand.

**C.   PARTIES, EVIDENCE, ETC.**

**Parties:**

Plaintiff's Statement: The Parties to this action are Plaintiff SHALLACE BURRISE, and Defendant T-MOBILE USA, INC.

Defendants' Statement:

Defendant does not anticipate the joinder of additional parties not named in the Complaint.

**Witnesses & Evidence:**

Defendants' Statement:

Defendant's position is that the disclosure of witnesses and evidence in this Action is premature. On September 19, 2025, Defendant Filed a Notice of Related Cases, this Action is currently related to two other pending Actions, one of which was filed before this case:

- *Aaron Castillo v. T-Mobile USA, Inc. et al.*, Case No. 2:25-cv-02208-WBS-SCR (filed on April 16, 2025 in Superior Court of California, County of San Joaquin,

Case No. STK-CV-UOE-2025-5489, removed to United States District Court, Eastern District of California on August 8, 2025), currently pending in the Eastern District of California which was filed by Plaintiff Aaron Castillo (the "*Castillo* Class Action"). The *Castillo* Class Action was the first filed action among three cases, and it was filed well before the *Burrise* Class Action.

- *Aileen D. Ortiz v. T-Mobile USA, Inc. et al*, Case No. 2:25-cv-08343 (filed July 25, 2025 in Superior Court of California, County of Los Angeles – Central District, Case No. 25STCV22091, removed to United States District Court, Central District of California on September 3, 2025) ("*Ortiz* Class Action"), currently pending in the United States District Court for the Central District of California before District Judge Stephen V. Wilson.

Therefore, it is Defendant's position that this case should be stayed in its entirety pending resolution of the first-filed *Castillo* Class Action.

Plaintiff's Statement:

Plaintiff disagrees that a stay is warranted. Defendant seeks to stay this case solely because another class action involving overlapping subject matter was filed two months prior. However, this action asserts distinct legal claims, and the plaintiffs in the cases have different factual predicates including different employment histories and locations. Defendants have not shown that a stay will conserve judicial resources. Discovery in the related matters can proceed in a coordinated fashion if needed, and any overlap can be managed through case-management orders, informal coordination, or, if appropriate, consolidation of discrete issues. Courts regularly deny stays where coordination rather than suspension can resolve duplication concerns.

As such, the disclosure of witnesses and evidence in this Action is not premature. To prove his case on a class basis, Plaintiff, generally, requires pay documents such as paystubs, timekeeping records, any record of meal or rest periods given or waived, and pay and break policy documents. Additionally, Plaintiff, requires class contact

information.

Individuals who may have information relevant to this case include: Plaintiff and all other members of the putative class, as well as managing agents tasked with setting and/or enforcing pay and break policies and practices. Finally, Defendants' person(s) most knowledgeable regarding their pay and break policies and practices will have vital information to prove this case on class basis.

This is a preliminary statement of what Plaintiff expects will be needed to prove his case, and is by no means meant to be exhaustive, especially as the case goes on and new facts and/or evidence are potentially uncovered.

### D. DAMAGES

Plaintiff's Statement:

Plaintiff seeks unpaid wages, meal and rest period compensation, actual damages pursuant to California Labor Code 226(e), minimum wage liquidated damages pursuant to California Labor Code 1194.2, injunctive relief, costs, attorney's fees and interest on behalf of the class and civil penalties pursuant to PAGA.

Defendants' Statement:

Defendant denies all claims against it and damages claims by Plaintiff. Defendant reserves its right to seek damages, including attorneys' fees and costs, from Plaintiff.

### E. INSURANCE

The Parties are not aware of any insurance policies that are relevant to this Action based on their understanding of the asserted claims.

### F. MOTIONS

Plaintiff's Statement: Plaintiff is engaged in conversations with Defendant as to whether a stay is warranted in this case, but at the present time, Plaintiff's position is that a stay is not warranted. Plaintiff is also engaged in efforts to coordinate the litigation of each of the related cases, making a stay unnecessary.

Plaintiff will seek class certification.

Defendant's Statement: The Parties are working cooperatively to determine

whether they can agree to a joint stay of this Action pending resolution of the first filed *Castillo* Class Action. However, if the Parties are unable to agree to a stay, Defendant will move for a stay of these proceedings pending resolution of the first filed *Castillo* Class Action.

## G. DISCOVERY

Plaintiff's Statement: Plaintiff anticipates seeking discovery regarding Defendant's policies and procedures for the payment of wages, overtime, sick pay, vacation pay, and any additional non-discretionary forms of compensation; Defendant's policies and procedures for providing meal and rest periods and premium pay for non-compliant meal and/or rest periods; and Defendant's policies and procedures for reimbursing necessary business expenses. Plaintiff further intends to seek timekeeping and payroll records for Plaintiff and members of the putative class, as well as names and contact information of the putative class members. Plaintiff does not think bifurcating class and merits discovery is necessary or beneficial in this matter. See Manual for Complex Litigation (Fourth) § 21.14, at 255-56 (2004) ("Arbitrary insistence on the merits/class discovery distinction sometimes thwarts the informed judicial assessment that current class certification practice emphasizes."); see also *Dukes v. Wal-Mart, Inc.*, 509 F.3d 1168, 1177 n.2 (9th Cir. 2007) ("courts are not only 'at liberty to' but must 'consider evidence which goes to the requirements of Rule 23 [at the class certification stage] even [if] the evidence may also relate to the underlying merits of the case'") (emphasis in original). Plaintiff thus seeks to avoid cumbersome phase-based discovery and propound discovery in one phase.

Defendant's Statement: Defendant position is that a discovery plan is premature at this time given the fact that the *Burrise* Class Action is second-filed to the *Castillo* Class Action and, therefore, the case should be stayed pending resolution of the *Castillo* Class Action. Once the *Castillo* Class Action is resolved, Defendant will work cooperatively with Plaintiff to set forth a discovery plan for this Action, if appropriate.

**H.   SETTLEMENT/ALTERNATIVE DISPUTE RESOLUTION (ADR)**

<u>Plaintiff's Statement:</u> There have been no settlement discussions to date.

<u>Defendants' Statement:</u> There have been no settlement discussions between the Parties and Defendant does not anticipate settlement discussions until the first filed *Castillo* Class Action is resolved.

**I.   TRIAL COUNSEL**

Plaintiff's trial counsel will include Michael Elkin of Elkin Gamboa, LLP. Defendant's trial counsel will include Benjamin Webster, Matthew Ruza, and Yara Mroueh of Littler Mendelson, P.C.

**J.   INDEPENDENT EXPERT OR MASTER**

The Parties do not anticipate the need for the Court to appoint a master pursuant to Rule 53 or an independent scientific expert.

**K.   MOTION FOR CLASS CERTIFICATION**

<u>Plaintiff's Statement:</u> In light of Defendant's position regarding a stay in the present matter, Plaintiff's position is that a briefing schedule for Plaintiff's Motion for Class Certification is premature.

<u>Defendant's Statement</u>: A briefing schedule for a Motion for Class Certification is premature in this Action due to the first filed *Castillo* Class Action. Once the *Castillo* Class Action is resolved, then a briefing schedule for a Motion for Class Certification could be appropriate, depending on the outcome of the *Castillo* matter.

**L.   PRETRIAL CONFERENCE AND TRIAL**

Defendant maintains that the setting of a pretrial conference and trial dates is premature at this time as this matter should be stayed pending resolution of the first-filed *Castillo* Class Action. Once the *Castillo* Class Action is resolved, Defendant will work cooperatively to set dates for pretrial conferences and trial. However, Defendant does not anticipate the need for any special pre-trial procedures.

Although Plaintiff does not concur that a stay is necessary, Plaintiff agrees that the

setting of a pretrial conference and trial dates is premature as the parties attempt to work together on the issue of the related cases.

## M. TRIAL ESTIMATE

<u>Plaintiff's Statement</u>: Plaintiff disagrees that trial in this matter should follow trial in the *Castillo* case, but Plaintiff otherwise agrees with Defendant's trial estimates.

<u>Defendant's Statement</u>:

Only once the first-filed *Castillo* Class Action is resolved can trial of the second-filed *Burrise* Class Action occur. Should a trial be warranted, if no class is certified, Defendant anticipates trial taking approximately 3-5 days. If a class is certified, the Parties anticipate trial taking approximately 10-15 days, although this may change based on the scope of the class, potential dispositive motions, and the result of the first-filed *Castillo* Class Action and the other pending related cases.

## N. OTHER ISSUES

<u>Defendant's Statement</u>:

Defendant maintains that the *Castillo* Class Action, the *Burrise* Class Action, and the *Ortiz* Class Action are also patently related because they "[a]rise from the same or substantially identical transactions, happening, or events requiring the determination of the same or substantially related questions of law or fact." Local Rule 83-1.3.1. These claims, made by the various plaintiffs against the same Defendant, stem from the same alleged violations, at the same workplaces, and for an overlapping period (*i.e.*, they all allegedly cover the period of at least April 16, 2021, to the present). As a result, this Action, as the second-filed action amongst, at least, two other cases, should be stayed in its entirety pending the first-filed *Castillo* Class Action.

<u>Plaintiff's Statement</u>:

Plaintiff disagrees with Defendant's position that this case is completely subsumed by the *Castillo* and/or *Ortiz* cases and that as a result the case should be stayed. The related actions assert distinct legal claims, and the plaintiffs in the cases have different factual

predicates including different employment histories and locations. Defendants have not shown that a stay will conserve judicial resources. Discovery in the related matters can proceed in a coordinated fashion if needed, and any overlap can be managed through case-management orders, informal coordination, or, if appropriate, consolidation of discrete issues. Plaintiff is presently engaged in efforts to coordinate the litigation of each of the related cases, making a stay unnecessary.

Furthermore, if the related cases are stayed, and Defendants reach a settlement in the *Castillo* Class Action, Plaintiffs and her counsel will lose access to discovery tools that may reveal whether such settlement is valued accurately, or whether collusion, inadequate representation, or incomplete factual bases exist.

## O. CONSENT TO PROCEED BEFORE THE MAGISTRATE JUDGE

The Parties do not stipulate to the Magistrate Judge and wish to proceed before the Honorable Judge Wu in this Action.

Dated: September 25, 2025                         **LITTLER MENDELSON, P.C.**

                                                  */s/ Matthew J. Ruza*
                                                  Demery Ryan
                                                  Benjamin L. Webster
                                                  Matthew J. Ruza [*Pro Hac Vice*]
                                                  Yara Mroueh [*Pro Hac Vice*]

                                                  Attorneys for Defendant
                                                  T-MOBILE USA, INC.

Dated: September 25, 2025                         Respectfully Submitted,
                                                  **ELKIN | GAMBOA LLP**

                                                  */s/ Michael Elkin*
                                                  Michael Elkin, Esq.
                                                  Attorneys for Plaintiff Shallace Burrise

## SIGNATURE ATTESTATION

Pursuant to Central Dist. LR 5-4.3.4(a)(2), I hereby attest that all signatories listed above, and on whose behalf of this filing is submitted, concur in the filing's content and have authorized the filing.

Dated: September 25, 2025

                          **ELKIN | GAMBOA LLP**

                          By: */s/ Michael Elkin*
                                 Michael Elkin
                         Attorney for Plaintiff Shallace Burrise

LITTLER MENDELSON, P.C.
500 Capitol Mall, Suite 2000
Sacramento, California 95814
916.830.7200

# **CERTIFICATE OF SERVICE**

I, the undersigned, state:

I am employed in the City and County of Clark, State of Nevada. I am over the age of 18 years, and not a party to the within action. My business address is Littler Mendelson, P.C., 9474 Rozita Lee Avenue, Suite 200, Las Vegas, Nevada 89113, email address is yfeher@littler.com.

On September 25, 2025, I served the foregoing document(s) described as:

## **JOINT 26(f) REPORT**

on the interested parties addressed as follows:

| | |
|---|---|
| Michael Elkin, Esq.<br>Benjamin Alan McLain, Esq.<br>ELKIN GAMBOA LLP<br>4119 West Burbank Boulevard Suite 110<br>Burbank, CA 91505<br>Email:  michael@elkingamboa.com<br>         jessica@elkingamboa.com<br>         ben@elkingamboa.com<br>         elizabeth@elkingamboa.com<br>         danielle@elkingamboa.com<br>         BurriseShallacevTMobile<br>         @elkingamboa.filevineapp.com | Attorneys for *Plaintiff*<br>SHALLACE BURRISE<br>an individual, and on behalf of all others similarly situated<br><br>[*Shallace Burrise v. T-Mobile USA, Inc.*, USDC CA Central District Case No. 2:25-cv-07685-GW-MBK] |

☐ **VIA OVERNIGHT DELIVERY**: I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the person(s) at the address(es) listed above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☐ **VIA U.S. MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the person(s) at the address(es) listed above and placed the envelope(s) for collection and mailing, following our ordinary business practices. I am readily familiar with Littler Mendelson, P.C.'s practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

| | |
|---|---|
| ☐ | **VIA FAX TRANSMISSION**: Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed above. No error was reported by the fax machine that I used. |
| ☒ | **VIA ELECTRONIC MAIL:** FRCP 5(b)(2)(E), I served the foregoing document(s) by emailing the document(s) to each of the following e-mail addresses and the transmission was reported as complete and without error. My email address is yfeher@littler.com. |
| ☐ | **VIA MESSENGER SERVICE**: I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed above and providing them to a professional messenger service for service. |

**DECLARATION OF MESSENGER**: I personally delivered the envelope or package received from the declarant above to the persons at the addresses listed above. For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package, which was clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office, between the hours of nine in the morning and five in the evening; for a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening. At the time of service, I was over 18 years of age. I am not a party to the above-referenced legal proceeding. I served the envelope or package, as stated above on September 25, 2025. I declare under penalty of perjury under the laws of the State of California and United States that the foregoing is true and correct.

Dated: _____    _____
                                                                                  Signature of Declarant/Messenger

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. I further declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on September 25, 2025, at Las Vegas, Nevada.

                                                                     */s/ Yvonne Feher*_____
                                                                     Yvonne Feher

LITTLER MENDELSON, P.C.
500 Capitol Mall, Suite 2000
Sacramento, California 95814
916.830.7200